IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:23CR718 MTS/SPM |
| ) | |
| SIDDHARTH JAWAHAR, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S MOTION FOR PRETRIAL DETENTION**

The United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Derek J. Wiseman, Assistant United States Attorney for said District, moves the Court, under Title 18, United States Code, Section 3141, *et seq.*, to order Defendant Siddharth Jawahar detained pending trial. In support of this motion, the United States provides the following.

**BACKGROUND**

Defendant Siddharth Jawahar has been charged by a grand jury sitting in the Eastern District of Missouri in a four-count Indictment. In Counts One through Three, Defendant is charged with Wire Fraud, under Title 18, United States Code, Section 1343—each count carrying a statutory maximum sentence of twenty years in prison. In Count Four, Defendant is charged with Investment Adviser Fraud, under 15 U.S.C. Section 80b-6, which carries a statutory maximum sentence of five years in prison. As alleged in the Indictment, Defendant executed a multi-million-dollar Ponzi scheme during which he misappropriated millions of dollars from his investors that he used to repay other investors and to fund his extravagant lifestyle.

# ARGUMENT

I. **Having Both the Means and Motivation to Flee the Country, Defendant Must Be Detained Because He Poses a Serious Risk of Flight and No Conditions Can Assure His Appearance.**

Under the Bail Reform Act, a defendant must be detained where—as here—the case involves a serious risk of a defendant's flight, and no conditions can reasonably assure the defendant's appearance. *See* 18 U.S.C. § 3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves - - a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person").[1] Because Defendant Siddharth Jawahar has substantial means and motivation to flee the country, he must be detained as he poses a serious risk of flight and there are no conditions than can assure his appearance.

A. **There Is a Serious Risk That Defendant Will Use His Considerable Resources to Flee Because He Is Facing a Lengthy Prison Sentence in a Country Where He Has No Binding Ties.**

The nature and circumstances of Defendant's crimes—along with the overwhelming proof establishing his guilt—demonstrate Defendant's serious risk of flight. Indeed, Defendant executed a years-long Ponzi scheme by taking tens of millions of dollars from investors across the United States. As the Indictment makes clear, Defendant misappropriated millions of dollars from investors that he agreed to spend on purchasing securities, but that he instead used to fund extravagant lifestyle expenses, including payments for flights on private planes, stays at luxury

---

[1] As the Eight Circuit Court recently recognized, the determinations of whether a Defendant poses a serious risk of flight and whether any conditions can assure his appearance "substantially overlap," and courts should consider the Section 3142(g) factors to make those determinations. *United States v. Cook*, No. 23-3147, 2023 WL 8463702, at *3 (8th Cir. Dec. 7, 2023); *see also* 18 U.S.C. § 3142(g) (including relevant factors, such as the nature and circumstances of the crimes and the weight of the evidence against the defendant).

hotels, and expensive outings at lavish restaurants. Based on the seriousness of Defendant's crimes—and the proof beyond a reasonable doubt establishing his guilt—Defendant is likely to receive a term of incarceration at or near the high-end of the 25-year combined statutory maximum. *See* 18 U.S.C. § 1343.

The likelihood of such a lengthy prison sentence—combined with Defendant's utter lack of binding ties to this country—demonstrates his incredible motivation to flee. *See United States v. Abad*, 350 F.3d 793, 799 (8th Cir. 2003) ("Abad is not a United States citizen. Abad faces a maximum sentence of 30 years, *see* 18 U.S.C. § 2423(b), which . . . weighs strongly in favor of a finding Abad would be a flight risk."). During the duration of Defendant's years-long Ponzi scheme, Defendant victimized investors without having any lawful status in the United States. In executing his multi-million-dollar Ponzi scheme, Defendant frequently flew across the country on private jets (funded by his clients' investment dollars) to stay in various cities across the United States. Not only does Defendant lack any binding ties to the United States, but he has strong ties to his home country of India—where his immediate family members reside. Put simply, with Defendant's immediate family residing overseas—and having neither citizenship nor a permanent residence in the United States—Defendant's lack of binding ties to this country is alone sufficient to establish a serious risk of flight. *See United States v. Khaleel*, 836 F. Supp. 2d 837, 840 (N.D. Iowa 2011) ("The Court believes that Defendant's lack of community ties anywhere in the United States makes him a serious flight risk.").

In addition to facing a lengthy prison sentence in a country where he has no binding ties, Defendant also has the means to flee back to India. As the Indictment makes clear, in the last decade alone, Defendant convinced investors from across the country (often through fraud) to give him more than $40 million. Defendant has continued to execute his Ponzi scheme by stealing from

his investors despite private lawsuits, overt investigations, and a government order to cease and desist from committing fraud. Therefore, on top of Defendant's strong motivation to flee, his access to large sums of money and his proclivity to travel on private planes demonstrate that Defendant also has the means to flee. That is more than sufficient to establish a serious risk of flight. *See United States v. Cook*, No. 23-3147, 2023 WL 8463702, at *4 (8th Cir. Dec. 7, 2023) (holding that "the serious risk of flight and nonappearance is obvious[,]" in part, because the defendant "face[d] a potentially lengthy prison sentence if convicted . . . [and] she has not served a prison term before[.]"); *United States v. Maheshwari*, 358 F. App'x 765, 766–67 (8th Cir. 2010) (affirming the district court's detention order where the defendant was "an Indian native present in the United States on a visa" who also traveled internationally and expressed an interest in returning to India or Pakistan).

      **B.**      **Through His Persistent Unwillingness to Follow the Laws of the United States—and his Prior Flight From Law Enforcement—Defendant Has Demonstrated That There Are No Conditions That Will Reasonably Assure His Appearance.**

Defendant's well-established unwillingness to conform his conduct to the law demonstrates the ineffectiveness of any conditions to assure his appearance. That's true because every pretrial condition that this Court could impose relies—at least to some extent—on Defendant's ability to adhere to the rules of the Court and the laws of the United States. His proven inability to do so shows why detention must be imposed. *See United States v. Ramos-Caballero*, No. 21-2098, 2021 WL 5176051, at *3 (10th Cir. Nov. 8, 2021) (affirming the district court's detention order where the defendant's "history of removals and reentries, including the facts underlying his current reentry offense," led the court to conclude "that he was incapable of complying with the orders of the Court or the authority of the United States.").

4

Make no mistake, Defendant's years-long criminal activity during his time in the United States without any lawful status demonstrates his inability and unwillingness to follow the law. Not only did Defendant defraud investors of millions of dollars, but he continued steal additional millions from his investors after civil suits were filed against him, despite overt government investigations into his crimes, and even in violation of a Disciplinary Order from the Texas State Securities Board for Defendant to cease and desist his ongoing fraud.

In addition, Defendant has proven—through his prior conduct—that he has a specific willingness to flee from law enforcement. In fact, before his arrest for drunk driving his BMW through the front glass of a restaurant in 2013, Defendant fled on foot and hid from law enforcement to avoid being apprehended. In short, through his persistent criminal conduct, Defendant has demonstrated that there are no conditions that will assure his appearance. *See Abad*, 350 F.3d at 799 (upholding the detention order of a defendant who was not a United States citizen and finding that "[a]lthough electronic surveillance is available, when considering all the factors at issue in the present case, there is insufficient evidence to assure Abad's appearance at trial").

II.  **Even if Conditions Could Assure Defendant's Appearance—Which They Cannot—Defendant Still Must Be Detained Because No Conditions Can Protect the Community from Defendant's Persistent Fraud.**

Under the Bail Reform Act, the Court "shall order the detention of" Defendants like Siddharth Jawahar "[i]f, after a [detention] hearing . . . the [Court] finds that no condition or combination of conditions will reasonably assure the . . . safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The nature and circumstances of Defendant's crimes—along with Defendant's history and characteristics—demonstrate that no conditions can safeguard the community from Defendant's fraud.

5

As the Indictment makes clear, the crimes that Defendant committed in this case were not one-off mistakes or momentary lapses in judgment. The Ponzi scheme that Defendant executed here was a years-long, sophisticated effort to steal millions of dollars from investors who put their trust in him. Throughout his scheme, Defendant made the decision over and over again to steal hard-earned dollars from his investors. Defendant made those decisions despite knowing full well the shear devastation that he was causing in their lives, despite the civil lawsuits filed against him, despite not having any lawful status in the United States, despite overt government investigations, and also despite a binding order to cease and desist his ongoing fraud. Based on Defendant's persistent criminal conduct over the last decade, there is no reason to believe that he will stop defrauding victims after the Indictment in this case. Therefore, because there are no conditions that can assure the safety of the community from Defendant's fraud, this Court should order pre-trial detention under the Bail Reform Act.

## CONCLUSION

Defendant must be detained under the Bail Reform Act because he poses a serious risk of flight and no conditions can assure his appearance. But even if conditions could assure Defendant's appearance—which they cannot—Defendant must still be detained under the Bail Reform Act because no conditions can assure the safety of the community from Defendant's persistent fraud.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Derek J. Wiseman*
DEREK J. WISEMAN
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200