UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-CR-00718-ZMB-SPM |
| SIDDHARTH JAWAHAR, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendant Sidarth Jawahar is charged in an indictment with three counts of wire fraud, in violation of 18 U.S.C. §1343, and one count of investment adviser fraud, in violation of 15 U.S.C. §80b-6(1), 80b-6(2), 80b-6(4) & 80b-17. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). Currently pending before the Court is Defendant's pretrial motion to Transfer out of District for Trial [ECF No. 54]. For the reasons stated below, the Court recommends that the motion be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 20, 2023, a grand jury returned a four-count indictment against Defendant, charging him in Counts One through Three with wire fraud and in Count Four with Investment Adviser Fraud. ECF No. 2. The indictment alleges Defendant executed a $35 million Ponzi scheme to fund a lavish lifestyle by making material misrepresentations to, and concealing material information from, investors. In each of the three wire fraud counts, the United States seeks to prove that Defendant made misrepresentations to investors in the Eastern District of Missouri. ECF No. 2, at ¶¶17-19, 20. The United States also filed a motion for pretrial detention arguing pretrial detention was necessary because Defendant had both the means and motivation to flee the country. *See* ECF No. 4.

Defendant was arrested on January 8, 2024, in the Southern District of Florida, and appeared in this district on February 8, 2024. Defendant retained the services of Talmage Newton, IV, who entered on behalf of Defendant on February 9, 2024. Following his arraignment, at Defendant's request, the Court continued the United States' motion for pretrial detention and set Defendant's preliminary pretrial motion deadline for April 8, 2024.

On February 16, 2024, Defendant appeared before the Honorable Patricia L. Cohen for a detention hearing. On February 21, 2024, Defendant filed his objections to information contained in the Bail Report prepared by the U.S. Pretrial Services Office in the Southern District of Florida and his response in opposition to the United States' motion for pretrial detention. ECF No. 28. On March 6, 2024, after permitting additional briefing by the parties, Judge Cohen entered an order granting the motion for pretrial detention and remanding Defendant to the custody of the United Sates Marshal. Defendant remains in custody in the Eastern District of Missouri.

Regarding pretrial matters, the undersigned continued the pretrial motion deadline multiple times, in the interest of justice, until January 8, 2025. On January 8, 2025, Defendant filed the pending Motion to Transfer out of District for Trial [ECF No. 54].[1] On January 22, 2025, the United States filed its response opposing Defendant's motion on grounds that Defendant failed to overcome the presumption against transfer. ECF No. 57.

On February 12, 2025, Defendant's attorney, Talmage Newton, filed a motion to withdraw as defense counsel. ECF No. 61. Following a hearing, on February 28, 2025, the Court granted Mr. Newton's motion to withdraw as counsel for Defendant and, at Defendant's request, appointed the Federal Public Defender ("FPD") to represent Defendant going forward. Due to a conflict, the Court granted the FPD's motion to withdraw and, on March 11, 2025, appointed conflict-free counsel Levell Littleton under the Criminal Justice Act. *See* ECF Nos. 71 & 72.

---

[1] On the same date, Defendant also filed a Motion to Strike Surplasage from the Indictment [ECF No. 53], which was addressed in a separate Report and Recommendation dated October 16, 2025.

On April 29, 2025, the Court conducted a status hearing with Defendant, his CJA appointed attorney, Levell Littleton, and Assistant United States Attorney Derek Wiseman appearing on behalf of the United States. The parties discussed the pending pretrial motions, the potential for additional motions, and the status of discovery review. Defendant moved for more time to file additional pretrial motions. For the reasons stated on the record the Court granted the motion and set a pretrial motion deadline of June 30, 2025. *See* ECF No. 79.

On May 28, 2025, Defendant filed a Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act, which was unopposed by the United States. ECF No. 80.  The Court granted the motion and designated the case as complex. *See* ECF No. 81. In the interest of justice, the Court granted additional requests to extend the deadline for filing additional pretrial motions, and on September 5, 2025, within the deadlines established by the Court, Defendant filed a Notice indicating that he did not intend to file any additional pretrial motions. ECF No. 88. On September 15, 2025, Defendant notified the Court that he was not requesting a hearing on his pending pretrial motions. Defendant's pretrial motions are therefore fully briefed and ready for a ruling.

## Discussion

Individuals accused of a crime have "the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Unless otherwise permitted by statute or the Federal Rules of Criminal Procedure, "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. An offense committed in more than one district may be "prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Defendant does not argue that venue is improper in the Eastern District of Missouri. Instead, he argues that this case should be transferred to the Southern District of New York pursuant to Fed. R. Crim. P. 21(b).

Rule 21(b) provides that "[u]pon the defendant's motion the court may transfer the proceeding, or one or more counts against the defendant to another district for the convenience of the

parties, any victim and witnesses, and in the interests of justice." The decision whether to grant or deny a Rule 21(b) motion rests within the sound discretion of the district court. *See United States v. Green*, 983 F.2d 100, 103 (8th Cir. 1992). Defendants bear the burden of proving that transfer is appropriate. *United States v. Kanner*, No. 07-CR-1023-LRR, 2008 WL 2663414, at *5 (N.D. Iowa June 27, 2008) (citing 2 *Charles A. Wright,* Federal Practice & Procedure Crim. § 344, at 403 (3d online ed. 2008) ("[I]t is proper to require the defendant, as the moving party, to carry the burden of showing why a transfer would serve the purposes specified in [Rule 21(b) ]")); *see also United States v. McManus*, 535 F.2d 460, 463 (8th Cir. 1976) (noting "the government's choice of forum is ordinarily to be respected" but the defendant "may overcome that presumption").

The Court agrees with the parties that in deciding whether a transfer is appropriate under Rule 21(b), the ten factors set forth in *Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 244 (1964) should guide the court's exercise of its discretion. *See United States v. Hardaway*, 999 F.3d 1127, 1130 (8th Cir. 2021) (citing *Platt*, 376 U.S. at 244); *United States v. McGregor*, 503 F.2d 1167, 1170 (8th Cir. 1974) (same). Specifically, those factors include (1) the location of the defendant; (2) the location of the witnesses; (3) the location of the events in issue; (4) the location of the documents and records likely to be used at trial; (5) any disruption of a defendant's business; (6) the expense of the parties; (7) the location of counsel; (8) the accessibility of the place of trial; (9) the docket condition of the respective districts; and (10) any other considerations that might affect transfer. *Platt,* 376 U.S. at 244. No single factor is dispositive, and district courts must balance these factors and assess which are of most importance in the case. *See United States v. Abdelnabi,* No. 4:16-CR-492-RWS-JMB, 2017 WL 1157169, at *2 (E.D. Mo. Feb. 15, 2017); *see also Hardaway,* 999 F.3d at 1130 (engaging in an abbreviated discussion of some, but not all, of the *Platt* factors when reviewing district court's denial of transfer under Rule 21(b) for abuse of discretion).

I. **LACK OF EVIDENCE**

Defendant has not presented the court with any evidence to support the factual assertions in the Motion. Defendant has neither asked the Court to take judicial notice of any facts nor appeared in court to present evidence despite being afforded the opportunity to do so. As one court reasoned under similar circumstances in a civil case:

> [D]efendants have made analysis all but unnecessary. . . On the record before me, I find plenty of argument, but not a trace of evidentiary support for defendants' motion to transfer; no affidavits, no depositions, no stipulations, no other documents. Defendants have utterly failed to carry their burden of proving that venue should be transferred....

*Simon v. Ward,* 80 F.Supp.2d 464, 471 (E.D. Pa. 2000) (applying 28 U.S.C. § 1404(a)), *overruled on other grounds by TC Heartland LLC v. Kraft Foods Group Brands LLC,* 581 U.S. 258 2017) (*abrogating* VE Holding Corp. v. Johnson Gas Appliance, Co., 917 F.2d 1574 (Fed. Cir. 1990)); *see also In re United States of America,* 273 F.3d 380, 388 (3d Cir. 2001) (extending § 1404(a) analysis to Rule 21(b) "given the similarity between the language"); *United States v. Jones,* 43 F.R.D. 511, 514 (D.D.C.1967) ("A bare assertion ... is not sufficient to demonstrate the preponderance of inconvenience necessary to warrant a transfer." (citing *Lindberg v. United States,* 363 F.2d 438 438-39 (9th Cir.1966)). Defendant has failed to meet his burden of proving transfer is appropriate. Accordingly, the Court should deny the Motion on that basis, alone.

II. **APPLICATION OF THE *PLATT* FACTORS**

Even if the Court were to accept the parties' bare factual assertions in lieu of evidence or formal offer of proof, for the reasons discussed below, the Court nonetheless recommends denying the Motion to Transfer.

A. ***PLATT* FACTORS (1), (2), (3), (6) AND (8) DO NOT FAVOR TRANSFER**

Defendant argues that *Platt* factors (1), (2), (3), (6) and (8) weigh in favor of transfer—namely, the location of defendant, location of witnesses, location of events in issue, expense to the parties, and accessibility of the place of trial. In response, the United States argues that **none** of the *Platt*

factors weigh in favor of transfer and has asserted its own set of facts in response to Defendant's motion. *See* ECF No. 57, at p. 3-12.

1. ***Platt* factor (1): Location of Defendant**

Defendant argues the first *Platt* factor favors transfer to the Southern District of New York because he resided primarily in Manhattan from 2013 through 2023. ECF No. 54, at ¶¶13-14. Defendant acknowledges that he is not "entitled by right to a trial in the district of his . . residence, [but argues] [his] place of residence is a factor to be given consideration in determining the motion for transfer under Rule 21. *Id.* at ¶15 (citing *Platt,* 376 U.S. at 245-46). This argument ignores the fact that irrespective of where Defendant previously lived, he is currently located in the Eastern District of Missouri in the custody of the United States Marshal Service and has been in this judicial district since first appearing here on February 8, 2024. Defendant has failed to cite any authority supporting his position that, in applying the *Platt* factors, this Court should ignore his current location in favor of a different location where he previously resided.

Defendant's argument also ignores the fact that, at the time of his first appearance in the Southern District of Florida, Defendant reported that he resided in Miami since 2021, resided in Austin, Texas from 2005 to 2021, and resided in India prior to 2005. ECF No. 21-1, at p. 2. Although Defendant reportedly worked for a New York-based financial services company from 2017 to 2019, he reportedly did that work remotely from Austin, Texas. *Id.*[2] In sum, even if Defendant's residence prior to his arrest and detention in this judicial district were relevant, the record before this Court is murky, at best, and does not support Defendant's position that he was "located" in the Southern District of New York before his arrest. For the foregoing reasons, the first *Platt* factor does not favor transfer.

---

[2] Judge Cohen gave Defendant an opportunity to object to information contained in the U.S. Pretrial Services Report prepared by the Pretrial Services Office in the Southern District of Florida and the Eastern District of Missouri. *See* ECF No. 24. Although Defendant filed objections, he did not object to the information referenced here. *See* ECF No. 28, at p. 1-2.

### 2. *Platt* factor (2): Location of Witnesses

Defendant argues the second *Platt* factor favors transfer because "many of the witnesses whose testimony will be necessary for Defendant at any future trial are located in New York City." ECF No. 54, at ¶16. However, the United States has responded by proffering that "witnesses [who may testify] at trial are located throughout the United States" but the "vast majority of those witnesses are **not** located in the Southern District of New York." ECF No. 57, at p. 5 (emphasis in original). The United States has also asserted that it "expects to call more witnesses from St. Louis than New York at trial" including members of the St. Louis FBI, the investigating agency.

Defendant has failed to rebut the information proffered by the United States and has failed to respond to the United States' argument that this factor does not "favor transfer" when the "witness expenses for [the defendant's] defense would be paid by the government." *Hardaway,* 999 F.3d at 1131; *see also Abdelnabi*, 2017 WL 1157169, at *3 (holding that "any hardship is greatly diminished" where the United States financially "assist[s] Defendant in securing these character witnesses for trial"). Indeed, as the United States pointed out in its response, Fed. R. Crim. P. 17(b) "afford[s] the trial court authorization to provide an indigent defendant with witnesses at Government expense when the necessity is shown that their presence is required to insure a fair and adequate defense." *Terlikowski v. United States*, 379 F.2d 501, 508 (8th Cir. 1967). Thus, even if many defense witnesses are in the Southern District of New York as Defendant contends, this factor does not tip the scales in favor of transfer.

### 3. *Platt* factor (3): Location of Events

Defendant argues the third *Platt* factor favors transfer to the Southern District of New York because "[v]ery few of the events referenced in the Indictment took place in the Eastern District of Missouri" and "none of the entities that the Defendant operated or was associated with had or have offices or personnel in this District." ECF No. 54, at ¶ 22. However, as the United States points out in its response, even though "the location of the events in issue are, [like the location of witnesses],

also scattered throughout the United States," the indictment "makes clear that each of the three charged counts of Wire Fraud occurred in the Eastern District of Missouri." ECF No. 57, at p. 6. As other courts in this district have recognized, the third *Platt* factor "does not weigh meaningfully in favor of transfer" when the defendant contends his alleged conduct occurred in another district but "[t]he Indictment . . . suggests that the events occurred in both relevant districts." *Abdelnabi*, 2017 WL 1157169, at *3; *United States v. Reyes*, No. 4:18-CR-00156-CDP-NAB, 2018 WL 5928187, at *2 (E.D. Mo. Oct. 15, 2018) ("The allegations in the indictment stem from multiple mail and wire communications between the alleged victims and Reyes and much of the communication took place in the Eastern District of Missouri and other locations. Thus, this factor does not weigh in favor of transfer."); *United States v. Haning*, No. 4:18-CR-139-RWS-NAB, 2018 WL 4042127, at *3 (E.D. Mo. Aug. 6, 2018) ("Haning contends all of the alleged criminal conduct stems from Texas . . . While this is correct, the Indictment alleges that several individuals in multiple jurisdictions were involved in the charged criminal conduct. In addition, the wire fraud allegations stem from emails sent and received by people located in the Eastern District of Missouri. This factor does not weigh in favor of transfer.").

The Court finds the reasoning from previous decisions in this district persuasive and, applying that reasoning here, finds that the third *Platt* factor favors maintaining venue in this district.

### 4.   *Platt* factor (6): Expense to the Parties

Defendant contends the sixth *Platt* factor—expense to the parties—favors transfer to the Southern District of New York because "[i]t would be financially challenging for both parties to serve process on out of state witnesses and for the parties to fly their out of state witnesses to St. Louis, Missouri, for trial (and house those witnesses here in St. Louis, Missouri), especially when so many reside in New York City or elsewhere in the United States." ECF No. 54, at ¶29. Defendant further argues that, in comparison with the United States, which has an "nearly unlimited budget to prosecute" as an individual defendant, he has a limited budget. This argument fails in two respects.

First, this argument mirrors the argument concerning the second *Platt* factor—location of witnesses—so, it should come as no surprise the Court's conclusion is the same. Since his original attorney filed the pending Motion to Transfer, Defendant has requested a court-appointed attorney. Finding that he was indigent, this Court appointed counsel. Given that Defendant is indigent, witness expenses for his defense would be paid in the same manner as the Government's witnesses under Fed. R. Crim. P. 17(b). *See Hardaway*, 999 F.3d at 1131.

This argument also fails because, although Defendant seems to acknowledge there are trial witnesses outside of New York, his argument ignores expenses that would need to be incurred to fly and house witnesses from St. Louis and elsewhere to New York City for trial. The expense of travel for Defendant's possible defense witnesses does not outweigh the expense of travel for the many prosecution witnesses and counsel based in Missouri and elsewhere. Thus, the sixth *Platt* factor—expense to the parties—does not weigh in favor of transfer.

5.  *Platt* **factor (8): Accessibility of the Place of Trial**

Defendant argues the eighth *Platt* factor—accessibility of the place of trial—favors transfer. In support of this argument, Defendant acknowledges that "[b]oth Districts are served by major airports and air service and both venues have reasonable mass transportation systems and other services available" but then concludes, without evidence or specificity, that "with multiple witnesses and documents in New York City, the Southern District would be the most easily accessible District for this litigation." ECF No. 54, at ¶i(17).[3] However, the United States has proffered that the "vast majority of witnesses" it intends to call at trial are not in New York and "all of the documentary evidence for trial" is in this district. ECF No. 57, at pp. 5-7 & 11. Defendant has offered neither argument nor evidence in response.

---

[3] This paragraph appears to be the 35th numbered paragraph in the motion misnumbered as paragraph 17 under section h.

Where, as here, a defendant seeking transfer offers little or no specific reasons why the Eastern District of Missouri is less accessible than another relevant district, courts in this district have consistently held that the eighth *Platt* factor favors maintaining venue here. *See United States v. Hardaway*, No. 4:17-CR-198-JAR-PLC, 2019 WL 2996552, at *6 (E.D. Mo. May 28, 2019) ("Defendant claims that Los Angeles is 'more readily accessible by air' than St. Louis. Other than this conclusory statement, Defendant identifies no basis for concluding that Los Angeles is significantly more accessible than St. Louis for trial of this matter. Given that Defendant is incarcerated in a small town in Missouri, not California, St. Louis is clearly more accessible for trial."); *Abdelnabi*, 2017 WL 1157169, at *3 ("[T]here is no reason to conclude that Chicago is any more accessible than St. Louis."); *Reyes*, 2018 WL 5928187, at *2 ("Both Orlando and St. Louis have major airports with daily flights, and affordable boarding within walking distance from the courthouse. Therefore, this factor does not weigh in favor of transfer."); *Haning*, 2018 WL 4042127, at *4 ("[Defendant] does not provide any specific reasons why the Eastern District of Missouri is less accessible that the Norther District of Texas for trial. Both St. Louisa and Dallas have major airports, good highways, and mass transit systems. Therefore, this factor does not weigh in favor of transfer.").

Given the sparse record in this case, this Court finds the reasoning applied by other courts in this district applies here. Applying that reasoning to the facts here, the eighth *Platt* factor does not weigh in favor of transfer.

In sum, the parties' factual assertions do not support Defendant's argument that *Platt* factors (1), (2), (3), (6) and (8) weigh in favor of transferring this case to the Southern District of New York.

    **B.** **MOST OF THE REMAINING *PLATT* FACTORS WEIGH AGAINST TRANSFER**

Defendant's Motion concedes the remaining five *Platt* factors do not weigh in favor of transfer. Defendant nevertheless urges the Court to refrain from weighing many of the remaining

factors *against* transfer. See ECF No. 5, at ¶¶ 27, g(16), [4] and i(19).[5] Notwithstanding Defendant's arguments to the contrary, for reasons set out below and stated in the United States' response, most of the remaining *Platt* factors also weigh against transfer.

### 1. *Platt* factor (4): Location of Trial Evidence

Defendant argues the fourth *Platt* factor—location of trial evidence—is neutral and neither weighs in favor of or against transfer because "[t]he documents and records in this case are digital and are not an important factor in this *Platt* analysis." ECF No. 54, at ¶ 26. However, the Eighth Circuit has recognized that in assessing which venue is more convenient for purposes of a motion to transfer, even "in this age of electronic document transmissions . . .[w]hile electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation" the location of the original documents "would prove more convenient." *In re Apple, Inc.*, 602 F.3d 909, 914 (8th Cir. 2010) (holding the district court abused its discretion in denying motion to transfer in a civil case where many potential witnesses resided in California, much of the relevant documentation was in California, and Northern California was the cite of the alleged misconduct). Applying similar logic here, accepting the parties' factual assertions at face value demonstrates that most of the documents that will be used at trial are in the Eastern District of Missouri. Even if those documents are digitized, for the reasons articulated in *Apple, Inc.,* this factor weighs slightly more against transfer than in favor of transfer.

---

[4] This paragraph appears to be the 34th numbered paragraph in the motion misnumbered as paragraph 16 under section g.
[5] This paragraph appears to be the 37th numbered paragraph in the motion misnumbered as paragraph 19 under section i.

2. *Platt* factor (5): Disruption of Defendant's Business

Defendant conceded the fifth *Platt* factor—disruption of Defendant's business—does not weigh in favor of transfer because his business was already disrupted and would likely continue to be disrupted. ECF No. 54, at ¶27. The Court agrees disruption of Defendant's business is not a basis for transfer.

3. *Platt* factor (7): Location of Counsel

Defendant argues the seventh *Platt* factor—location of counsel—does not favor transfer but "should not weigh against transfer." *Id.,* at ¶g(16). Defendant makes this argument while acknowledging that transfer would require both parties to obtain new counsel nearly two years after Defendant made his first appearance in this judicial district. *Id.*, at ¶g(15). Indeed, over seven months ago, at Defendant's request, this Court appointed experienced counsel following the withdrawal of his retained attorney. There is no doubt that transferring this case at this stage of the proceedings would delay its resolution. The facts conceded by Defendant weigh ***against*** transfer.

4. *Platt* factor (9): Docket Condition

Defendant failed to offer any evidence or argument to support a finding that the relative conditions of the docket in the Southern District of New York and the Eastern District of Missouri weigh in favor of transfer. As such, the Court finds this factor does not weigh in favor of transfer.

5. *Platt* factor (10): Other Considerations

As with the ninth *Platt* factor, Defendant failed to offer any evidence or argument to support a finding that the tenth *Platt* factor—other considerations—weighs in favor of transfer to the Southern District of New York.

## CONCLUSION

In sum, although Defendant has made some claims of hardship and inconvenience, he has not offered enough evidence or information to support his claim that the Southern District of New York is a more convenient forum for resolving this matter or that transfer would further the interest of

justice. To the contrary, the information before the Court, though limited, suggests the level of inconvenience would be the same or greater if this case were transferred to the Southern District of New York.

Accordingly, for the foregoing reasons, the undersigned recommends that Defendant's Motion Transfer out of District for Trial be denied.

In accordance with the Memorandum Opinion above,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion Transfer out of District for Trial [ECF No. 54] be **DENIED.**

The parties are advised that they have fourteen (14) days in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990).

Trial in this case will be conducted before the **Honorable Zachary M. Bluestone**. Judge Bluestone will enter a separate order setting the trial date.

Dated: October 29, 2025.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE