IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CR-00718-ZMB |
| | ) | |
| SIDDHARTH JAWAHAR, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR COURT APPROVAL TO MARRY**

Comes now the Defendant, Siddharth Jawahar, by and through his counsel, Doug Passon, and respectfully offers the following response to the Government's Reply:

First, the government has not been forthcoming with this Court as to the steps Mr. Jawahar has taken to obtain proper approval to marry. To the extent 28 C.F.R. 551.111 applies, Mr. Jawhar has done everything in his capacity to comply, and the government knows it. Mr. Jawhar has sought approval from the facility, that of course is how he obtained the facility's guidelines for marriage. The facility's guidelines requested a court order. Undersigned counsel communicated with Mr. Wiseman to get the government's position. Mr. Wiseman, in turn, reached out the US Marshals office (Anne Allred). Ms. Allred informed both parties that the USMs required "approval from the AUSA in order

to assure the marriage would not impact the pending federal case." *Exhibit 1, Emails from 8/5/26 and 8/1/26*. The CFR at issue, requires **"the staff"** to contact the appropriate parties. Mr. Jawahar has no control over what "the staff" does. If there was any compliance failure here, it was on the part of "the staff" whomever that might be. Mr. Wiseman could have requested the staff to contact INS. The US Marshal could have requested "the staff" to do the same. Nobody has done so, likely because nobody even realized this CFR existed. In any event, to now hold Mr. Jawahar accountable for not soliciting commentary from INS, is hardly a fair argument.

The government's accusation of "marriage fraud" is unfounded. Undersigned counsel has personally communicated with Ms. Tredway, and she takes issue with the government's "beliefs" about the legitimacy of their relationship. It should also be noted that she long ago confirmed these facts with the presentence report writer. *PSR* at para. 55. Moreover, the assertions Mr. Jawahar has made in his sentencing memorandum are not inconsistent with the facts of this case: The truth is, Mr. Jawahar very much hopes to stay here after his sentence and build a life with Caroline, and he plans to pursue any legal avenues to do so. It is also true that he understands, *as does his fiancé*, that given this case and his current immigration status, his ability to remain here is highly unlikely. Undersigned counsel is not an immigration attorney, but upon information and belief, a post-conviction marriage to a US Citizen will not and cannot save him from his inevitable fate of deportation. Nor has the govt offered any contrary legal opinion. If the government thinks a convicted federal felon with his immigration history can avoid deportation through marriage, let it say as much. None of the government's obfuscation

changes the most compelling truth, that counsel has confirmed with Ms. Tredway - their relationship is longstanding and legitimate.

Lastly, beyond an unsubstantiated claim of sham marriage the government has expressed no legitimate penological interest it seeks to protect. Nor has the government answered, with any clarity, the US Marshal's inquiry as to whether this would "impact a pending federal case." Again, deportation is the almost certain result. But, what if by some miracle, INS grants Mr. Jawahar permission to remain in this country? If he was here, he'd be under the direct supervision of the court and jurisdiction of federal law enforcement, on Supervised Release, with every aspect of his financial life scrutinized and every available tool for restitution enforcement at its disposal. Moreover, Mr. Jawahar would be subject to a civil judgement upon the expiration of that period of supervision and the mechanisms attendant to that (i.e. wage garnishments, etc.). In other words, having him here, with all enforcement mechanism deployed, would *positively* impact the outcome of this case. Restitution is difficult to come by under the best of circumstances. It will be exponentially more difficult when Mr. Jawhar is in India and well beyond the reach of the government. Of course, Mr. Jawahar intends to do his level best to make his victims whole whether he is in this country or another.

**Finally, given that sentencing is upon us, and it is almost certainly impossible to accomplish a wedding before Mr. Jawahar is sent to his next destination, the defense will now withdraw this motion as moot.**

RESPECTFULLY SUBMITTED,

Dated: Sept. 13, 2026

***/s/ Doug Passon, Esq.***

Douglas Passon #017423(AZ)
Attorney for Defendant Siddharth Jawahar
Law Offices of Doug Passon, PC
10565 N. 114th Street, Suite 101
Scottsdale, Arizona 85259
Phone: (480) 448-0086
Email: doug@dougpassonlaw.com

CERTIFICATE OF SERVICE

A copy of the foregoing was sent via the Court's ECF system this 13th day of September, 2026 to: Assistant United States Attorney Wiseman at his address of record.

/s/ Douglas A. Passon